# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO: 3:17-cr-197-J-32JBT

JOHN ROBERT HORNER                       ORDER ON MOTION FOR
                                                              SENTENCE REDUCTION UNDER
                                                              18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant John Robert Horner is a 32-year-old inmate incarcerated at Oklahoma City FTC, serving an 87-month term of imprisonment for possession of a firearm by an armed career criminal. (Doc. 61, Judgment).[1] According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on April 18, 2024. Defendant seeks compassionate release because he claims he has been diagnosed

---

[1] Although Defendant is subject to the Armed Career Criminal Act's 15-year mandatory minimum sentence, 18 U.S.C. § 924(e) ("the ACCA"), he benefited from a substantial assistance motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. (See Doc. 47, Substantial Assistance Motion).

with a terminal illness as well as a serious medical or physical condition. (Doc. 74, Motion for Compassionate Release at 4). Specifically, he claims to have Hepatitis C, "cancer that is not being treated," and "other issues." (Id. at 5).

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act, § 3582(c) provides in relevant part:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>   (i) extraordinary and compelling reasons warrant such a reduction …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). "Given the permissive language [of § 3582(c)(1)(A)], a district court's decision whether to grant or deny a defendant's request for a sentence reduction is discretionary." United States v. Winner, No. 20–11692, 2020 WL 7137068, at *2 (11th Cir. Dec. 7, 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). First and foremost, BOP medical records contain no evidence that Defendant has a terminal illness or untreated cancer. (See Doc. 76-2, Medical Records). The records indicate that Defendant has expressed concern about liver cancer (id. at 34), but there is no indication that Defendant has actually been diagnosed with cancer of any form.

Medical records reflect that Defendant does indeed have chronic viral Hepatitis C. (Id. at 13, 15, 24, 78). However, the records do not indicate that Defendant's Hepatitis C is severe or terminal. A viral load of fewer than 800,000 IU/L is considered "low."[2] Defendant's viral load measures 37,700, which is well within the "low" range. (Doc. 76-2 at 64, 78). Moreover, the BOP has offered or provided Defendant antiviral drugs, but he has engaged in substance abuse while in custody, resulting in a suspension of treatment. (Id. at 24). For example, Defendant was caught in January 2020 smoking K2 (a synthetic form of marijuana) in his cell. (Id. at 38). Defendant has a prolonged history of K2 abuse, including while in prison. (See id. at 39, 43, 44), One doctor's note states:

> Due to evidence of high-risk behaviors including substance abuse use: recommend deferral of treatment for 6 months after most recent high-risk behavior. Documented high-risk behavior increases risk of reinfection and development of resistance to the direct-acting antivirals which may adversely impact patient outcomes.
>
> If the inmate can demonstrate a willingness and an ability to abstain from high-risk activities while incarcerated within this 6-month period, and criteria are still met, treatment will be requested again at that time.

---

[2] https://www.hepatitis.va.gov/hcv/patient/diagnosis/labtests-RNA-quantitative-testing.asp.

(Id. at 24). As the United States observes, "the largest obstacle to treatment of Horner's hepatitis C, which existed at the time of his sentencing, is his own continued choices to engage in high risk behavior while in prison, including drug use." (Doc. 76, Response at 10).

The record also indicates that Defendant has other health issues, including epilepsy and atopic dermatitis. (See, e.g., Doc. 76-2 at 15, 17). The BOP provides Defendant with levetiracetam (or "Keppra," an anti-seizure medication) and topical ointment to treat these conditions. (Id.). There is no indication that either condition is terminal or impairs Defendant's ability to provide self-care in prison.[3] Accordingly, Defendant has not established "extraordinary and compelling" circumstances and is not eligible for a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A).[4]

In any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. As the medical records indicate, Defendant has possessed and abused controlled substances more than once while in prison, suggesting a lack of rehabilitation. In addition, Defendant's criminal history earned him the ACCA enhancement. Before possessing the firearm

---

[3]   Defendant does not raise Covid-19 as a reason for compassionate release. However, viewing Defendant's conditions in the light of Covid-19 does not change the Court's assessment.

[4]   The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(D). See, e.g., United State v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

at issue in this case, he had 13 felony convictions, including three convictions for the sale of oxycodone. (Doc. 57, Presentence Investigation Report [PSR] at ¶¶ 2, 25, 51). Although he was subject to a 180-month mandatory minimum sentence, Defendant benefited significantly from a substantial assistance reduction, under which the Court sentenced Defendant to 87 months in prison. In view of all the § 3553(a) factors, however, further reducing Defendant's sentence is not warranted at this time.

Accordingly, Defendant John Robert Horner's Motion for Compassionate Release (Doc. 74) is **DENIED**.[5] Likewise, Defendant's request for the appointment of counsel is **DENIED** because it is not supported by the interests of justice. United States v. Cain, 827 F. App'x 915, 921-22 (11th Cir. 2020).

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of January, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant

---

[5]   To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).